UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CRAIG CLARK GREEN, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:19-CV-00311-JRG-DCP |
| MARY WEST, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. Before the Court is Defendant's motion to dismiss this action based pursuant to the Court's Order granting Defendant's motion to compel Plaintiff's response to Defendant's interrogatories [Doc. 14]. Plaintiff has failed to respond to the motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1.

### I. PROCEDURAL HISTORY

Defendant sent counsel written discovery requests on October 2, 2019 [Doc. 12-1]. Plaintiff did not respond by the deadlines imposed by Rules 33 and 34 of the Federal Rules of Civil Procedure, and Defendant sent Plaintiff a letter notifying Plaintiff of the failure and demanding a response within thirty days [Doc. 12-2]. Plaintiff responded to the discovery on December 16, 2019, with incomplete responses [*See* Doc. 14]. On March 17, 2020, Defendant sent Plaintiff a discovery dispute letter, to which Plaintiff failed to respond [Doc. 12-3].

Thereafter, Defendant filed a motion to compel, and on June 15, 2020, this Court found Plaintiff had failed to respond to five of Defendant's interrogatories and ordered him to provide complete responses within twenty-one days of entry of the Order [Doc. 14]. The Court further

advised Plaintiff that any failure to provide said responses by the deadline would result in the dismissal of Plaintiff's lawsuit [*Id.*]. Plaintiff failed to comply with the Court's Order and provide complete responses to the interrogatories or otherwise communicate with Defendant's counsel [*See* Doc. 15-1]. On July 10, 2020, Defendant filed the instant motion to dismiss [Doc. 15].

## II.     DISCUSSION

Rule 37(b) and Rule 41(b) of the Federal Rules of Civil Procedure each provide that dismissal is an appropriate sanction for failure to comply with a Court order. *See* Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b). Under either provision, the Court considers four factors when considering dismissal:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Hartsfield v. United Parcel Serv., Inc.*, No. 4:18-cv-69, 2020 WL 1539337, at *2 (E.D. Tenn. Mar. 2, 2020) (quoting *Mager v. Wisconsin Central Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019)).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, Plaintiff refused to answer certain interrogatories, resulting in this Court issuing an order requiring Plaintiff to do so [*See* Doc. 14]. Thereafter, Plaintiff failed to comply with the Court's order. As such, this first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has prejudiced Defendant, who has spent significant time and resources attempting to conduct discovery with an uncooperative Plaintiff. Therefore, this factor weighs in favor of dismissal.

2

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [Doc. 14]. Thus, this factor weighs in favor of dismissal.

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner proceeding proceed *in forma pauperis* [Doc. 5], and he has disregarded the Court's warnings that he must comply with the ordered discovery [Doc. 14]. Accordingly, this factor weighs in favor of dismissal.

## III. CONCLUSION

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action. Therefore, Defendants' motion [Doc. 15] will be **GRANTED**, and this action will be **DISMISSED without prejudice**. The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE